# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br><br>PETER BUBAN and<br>LOLITA BUBAN,<br><br>Debtors.<br>―――――――――――――――<br>LUZ C. GREENWOOD<br><br>Plaintiffs,<br><br>v.<br><br>PETER BUBAN nd<br>LOLITA BUBAN,<br><br>Defendants. | Chapter 7<br><br>Case No. 04-13850-SSC<br><br>Adv. No. 04-1068<br><br>MEMORANDUM<br>DECISION<br><br>(Opinion to Post) |

## **I. Introduction**

This matter comes before the Court on the Plaintiff's April 12, 2005 Motion for Summary Judgment. The Defendants, Peter & Lolita Buban, filed a Response to the Motion on May 21, 2005. The Plaintiff subsequently filed a Reply to the Response on June 2, 2005. On July 7, 2005, the Court held oral arguments on the motions. At the conclusion of the hearing, the Court orally granted the Motion for Summary Judgment. The Court found that the Defendants, the Debtors, were collaterally estopped from discharging their debt to the Plaintiff.

In this Memorandum Decision, the Court has now amplified this oral decision and has set forth more detailed findings of fact and conclusions of law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure. The issues addressed herein constitute a core proceeding over

which this Court has jurisdiction. 28 U.S.C. §§ 1334(b) and 157(b) (West 2004).

## II. Factual Background

The Plaintiff filed suit against the Debtors on September 26, 2003 in the Superior Court for the State of Arizona, Maricopa County, Case No. CV2003-018437, alleging breach of contract and fraud arising out of money loaned to the Debtors from the Plaintiff. The Complaint specifically alleged that the Debtor, Peter Buban, had no intention of ever repaying the loan made by the Plaintiff. The Complaint also specifically stated that the Debtor, Lolita Buban, was aware of and participated in the fraud committed by Peter Buban. Pursuant to the Arizona Mandatory Arbitration Rules, the matter was referred to an arbitrator. The arbitrator ruled in favor of the Plaintiff on all counts. The Judgment was entered on May 25, 2004. The arbitrator's award was not appealed and became final pursuant to Arizona Law. During the arbitration, the Debtors were represented by counsel, witnesses were examined, and the matters set forth in the Complaint were actually litigated. Mr. Buban does not deny that he committed the fraud. It is only Ms. Buban who requests that a judgment not be entered against her as to her interest in the Debtors' community property and as to any sole and separate property that she may have.

## III. DISCUSSION

### A.  THE STANDARD FOR SUMMARY JUDGEMENT

A motion for summary judgment should be granted if the movant has shown that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Bankr.P. 7056(c). Ruling on a motion for summary judgment necessarily implicates that substantive evidentiary standard of proof which would apply at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 at 252 (1986). A material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. Id. Procedurally, "the proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial." In re Aquaslide 'N'

1  Dive Corp., 85 B.R. 545, 547 (9th Cir. BAP 1987). Once that burden has been met, "the
2  opponent must affirmatively show that a material issue of fact remains in dispute." Frederick S.
3  Wyle P.C. v. Texaco, Inc., 764 F.2d 604, 608 (9th Cir. 1985). The opponent may not assert the
4  existence of some alleged factual dispute between the parties. Liberty Lobby, 477 U.S. 242 at
5  252, 106 S.Ct. 2505 at 2512, 91 L.Ed.2d 202. Instead, to demonstrate that a genuine factual
6  issue exists, the objector must produce affidavits which are based on personal knowledge, and
7  the facts set forth therein must be admissible in evidence. Aquaslide, at 547. In addition,
8  summary judgment must be used with care and restraint, Hutchinson v. United States, 677 F.2d
9  1322, 1325 (9th Cir. 1982), and is reviewed in the light most favorable to the non-moving party.
10 Hifai v. Shell Oil Co., 704 F.2d 1425, 1428 (9th Cir. 1983).

**B.     PRECLUSIVE EFFECT OF ARIZONA COURT DECISION**

The principles of collateral estoppel apply to proceedings seeking exceptions from discharge brought under 11 U.S.C. § 523(a). *See* Grogan v. Garner, 498 U.S. 279, 284-85 (1991). As long as the creditor invokes collateral estoppel and demonstrates that its elements are satisfied, the bankruptcy court must apply collateral estoppel on an issue fully and fairly litigated in another court. In re Bugna, 33 F.3d 1054, 1057-58 (9th Cir. 1994). In determining the collateral estoppel effect of a state court judgment, federal courts must, as a matter of full faith and credit, apply that state's substantive law of collateral estoppel. Id. at 1057. Under Arizona law, the doctrine of collateral estoppel applies "[w]hen the issue or fact question was actually litigated and finally decided in a previous suit, a final judgment was entered, the party bound had a full and fair opportunity to litigate the issue, and the issue of fact was essential to the prior judgment." 4501 North Point LP v. Maricopa County, 209 Ariz. 569, 574, 105 P.3d 1188, 1193 (App. 2005).

In this matter, as in Bugna and 4501 North Point LP, the elements of collateral estoppel have been met. In reviewing the State Court Complaint, this Court finds that the Plaintiff alleged that Mr. Buban borrowed money from the Plaintiff to purchase a vehicle and

move to California with the Plaintiff. After the loan was made, Mr. Buban informed the Plaintiff that he would not be purchasing a vehicle or moving to California.[1] Mr. Buban did not repay the money borrowed from the Plaintiff. The Complaint specifically stated that the "marital community benefitted from the fraudulent acts of [Mr. Buban]," and that ,"[Ms. Buban] was aware of and participated in the fraud committed by [Mr. Buban]."[2] The arbitrator ruled in favor of the Plaintiff on all counts.[3] The Debtors were represented by Counsel at the arbitration hearing, witnesses were called, and the Debtors had a full and fair opportunity to litigate the matter. The ruling of the arbitrator was never appealed. The finding of fraud by the arbitrator as to Mr. and Ms. Buban is final. *See* Ariz.R.Civ.P. Rule 75(c).

Counsel for Ms. Buban raised the issue at oral argument that the different evidentiary standard employed by the arbitrator somehow vitiated this Court's ability to utilize the doctrine of collateral estoppel and rule in favor of the Plaintiff. In order to prove fraud under §523, a plaintiff must only meet the preponderance of the evidence standard. *See* Grogan, at 286-88. Accepting the Debtors' argument that fraud in Arizona must be shown by a clear and convincing evidence standard, pursuant to Schwalbach v. Jones, 27 Ariz. 260 (1925), only strengthens the Plaintiff's claim for judgment as a matter of law. According to the Debtors' theory, the arbitrator had to find by clear and convincing evidence that Mr. Buban committed fraud, and Ms. Buban knew of and participated in the fraud. Clear and convincing evidence is a higher standard of proof than preponderance of the evidence. Since the arbitrator found that the Debtors had participated in fraudulent conduct at the higher standard of proof, this Court must conclude that the Plaintiff has also met her burden at the standard which has been subsumed therein - a preponderance of the evidence. Accordingly, the Plaintiff has met her burden of proof as to Mr. and Ms. Buban.

---

[1]. *See* Docket Entry No. 1, Exhibit 1, p. 3.

[2]. *See* Docket Entry No. 1, Exhibit 1, p. 4.

[3]. *See* Docket Entry No. 2, Exhibit 1, p. 1.

1    **C.    EFFECT OF THE "INNOCENT SPOUSE RULE"**

2    Counsel for Ms. Buban also requested that judgment not be entered against his
3 client and that he be allowed to present evidence on whether his client was entitled to the defense
4 of the "innocent spouse." Under the "innocent spouse rule" if the Debtor shows that one of the
5 spouses had no knowledge of the fraud and did not participate in the fraud, that spouse may have
6 the fraudulent debt discharged. In re Lansford, 822 F.2d 902 (9th Cir. 1987); In re Chick, 53
7 B.R.687 (Bkrtcy. Or. 1985). Pursuant to In re Oliphant, 221 B.R. 506 (Bkrtcy.D.Ariz. 1998) a
8 plaintiff must show fraudulent intent on the part of the "innocent spouse." Id. at 511. In this
9 matter, the the Plaintiff has shown fraudulent intent on the part of Ms. Buban.

10    The Debtors concede in their Statement of Facts that "Lolita C. Buban was aware
11 of and participated in the fraud committed by Peter Buban Jr."[4] This statement alone is
12 sufficient to find in favor of the Plaintiff. Applying the Lansford standard, it is clear that Ms.
13 Buban knew of and participated in the fraud. Applying Oliphant, the Court concludes that since
14 the arbitrator found that Ms. Buban was aware of and participated in the fraud, she intended to
15 commit, or participate in, the fraud upon the Plaintiff.

**IV. CONCLUSION**

18    Based upon the foregoing, the Court concludes that the Plaintiff's Motion for
19 Summary Judgment must be GRANTED based upon the doctrine of collateral estoppel. The
20 arbitrator ruled in favor of the Plaintiff at the higher standard of proof; hence, the Plaintiff has
21 met her burden of proof by a preponderance of the evidence. Moreover, the Debtors' attempt to
22 portray Ms. Buban as an innocent spouse is not supported by the record once the arbitrator found
23 for the Plaintiff on all counts set forth in the Plaintiff's Arizona Complaint. The Plaintiff shall
24 have her debt excepted from discharge pursuant to 11 U.S.C. §523 (a)(2) as to the Debtors. The
25 Court will execute a separate order incorporating this Memorandum Decision.

---

**4.** See Docket Entry No. 17, p. 2.

1    DATED this 15th day of August, 2005.

                                    /s/ Sarah Sharer Curley
                                    Honorable Sarah Sharer Curley
                                    U. S. Bankruptcy Judge

BNC TO NOTICE